# THE CORRIGAN LAW FIRM
## 54-B WEST FRONT STREET
## KEYPORT, NEW JERSEY 07735
### 732-888-3868
732-888-9055 (FAX)
THECORRIGANLAWFIRM.COM

DAVID F. CORRIGAN+
BRADLEY TISHMAN*

OF COUNSEL
EDMUND J. CORRIGAN

+ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY
  AS A CIVIL TRIAL ATTORNEY
* ADMITTED IN NEW YORK
  AND NEW JERSEY

July 19, 2011

**Via Electronic Filing**
Clerk,
United States District Court, District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:     Costello v. Township of West Milford
        Docket No. PAS-L-2875-1

Dear Clerk:

Enclosed for filing please find the following:

1.      Notice of Filing Notice of Removal;

2.      Notice of Removal;

3.      Civil Cover Sheet; and

4.      Certificate of Service.

Thank you for your attention to this matter.

Very Truly Yours,

David F. Corrigan

cc:     Damian Christian Shammas, Esq.
        Clerk, Superior Court of New Jersey, Law Division
        Kevin Boyle, Township Administrator

THE CORRIGAN LAW FIRM
54B West Front Street
Keyport, New Jersey 07735
(732) 888-3868
Attorneys for Defendant

| | |
|---|---|
| PAUL COSTELLO,<br><br>            Plaintiff,<br><br>v.<br><br><br>TOWNSHIP OF WEST MILFORD,<br><br>          Defendant. | SUPERIOR COURT OF NEW JERSEY<br><br>PASSAIC COUNTY<br><br><br>CIVIL ACTION<br><br>**DOCKET NO.** PAS-L-2875-11<br><br><br>     **NOTICE OF FILING**<br>  **NOTICE OF REMOVAL** |

To:    Damian Christian Shammas, Esq.
       Law Offices of Damian Christian Shammas, LLC
       55 Madison Avenue, Suite 320A
       Morristown, New Jersey 07960

      PLEASE TAKE NOTICE that in the above-entitled action, Defendant Township

of West Milford has this day filed a Notice of Removal, a copy of which is attached

hereto, in the Office of the Clerk of the United States District Court for the District of

New Jersey. You are also advised that the Defendants, upon filing of said Notice of

Removal, filed a copy of the Notice with the Clerk of the Superior Court of New Jersey,

Law Division, Passaic County, which has effected this removal, in accordance with 28

U.S.C. § 1446(b).

THE CORRIGAN LAW FIRM

David F. Corrigan, Esq.

Dated:    July 19, 2011

THE CORRIGAN LAW FIRM
54B West Front Street
Keyport, New Jersey 07735
(732) 888-3868
Attorneys for Defendant

| | |
|---|---|
| PAUL COSTELLO,<br><br>          Plaintiff,<br><br>v.<br><br><br>TOWNSHIP OF WEST MILFORD,<br><br>          Defendant. | SUPERIOR COURT OF NEW JERSEY<br><br>PASSAIC COUNTY<br><br>CIVIL ACTION<br><br>**DOCKET NO.** PAS-L-2875-11<br><br>**NOTICE OF REMOVAL** |

To:    Clerk, Passaic County Superior Court
        Courthouse
        77 Hamilton Street
        Paterson, NJ 07505

        Clerk, United States District Court, District of New Jersey
        M.L. King, Jr. Federal Building & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07102

      The Township of West Milford ("Township"), named as Defendant herein files this Notice to Remove this action from the Superior Court of New Jersey, Law Division, Passaic County, to the United States District Court for the District of New Jersey, and respectfully represents as follows:

1.      On June 17, 2011, Plaintiff filed a Verified Complaint in the Superior Court, Law Division, Passaic County, against the Township, asserting, *inter alia*, a federal claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.  A copy of

this Complaint is attached hereto as Exhibit A.

2.    The Township first received a copy of the Complaint in this action, through

service or otherwise, on June 29, 2011.

3.    As of this date, the Township has not filed a responsive pleading in the action

commenced by Plaintiff in the Superior Court of New Jersey, Law Division,

Passaic County, and no other proceedings have transpired in that action.

4.    Defendant seeks removal of this action pursuant to 28 U.S.C. § 1441(b) on the

grounds that Plaintiff's Complaint asserts a federal claim under the Fair Labor

Standards Act, 29 U.S.C. § 201 et. seq.  The District Court has jurisdiction over

Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.


**WHEREFORE**, Defendant Township of West Milford, prays that the above-

captioned matter, now pending against it in the Superior Court of New Jersey, Law

Division, Passaic County, be removed therefrom to the United States District Court for

the District of New Jersey.

THE CORRIGAN LAW FIRM

David F. Corrigan, Esq.

Dated:    July 19, 2011

-2-

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Paul Costello

**DEFENDANTS**

Township of West Milford

**(b)** County of Residence of First Listed Plaintiff  Passaic

County of Residence of First Listed Defendant  Passaic

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Damian Christian Shammas, LLC
55 Madison Avenue, Suite 320A
Morristown, New Jersey 07960
(973) 998-8501

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

David F. Corrigan, Esq., The Corrigan Law Firm, 54B West Front Street, Keyport, NJ 07735, (732) 888-3868

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §201

Brief description of cause:
Employment Compensation Upon Retirement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE  Hon. Jared D. Honigfeld

DOCKET NUMBER  PAS-L-2875-11

Explanation:

DATE  7/19/11

SIGNATURE OF ATTORNEY OF RECORD

# EXHIBIT A

*(handwritten)* Copy Served Twp. Attorney
Administrator

**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
55 Madison Avenue, Suite 320A
Morristown, New Jersey 07960
Telephone: (973) 998-8500
Facsimile: (973) 998-8501

**RECEIVED**

JUN 29 2011

TOWNSHIP CLERK
TWP. OF WEST MILFORD

| | |
|---|---|
| PAUL COSTELLO, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF WEST MILFORD, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: PASSAIC COUNTY <br> DOCKET NO: L-2875-11 <br><br> CIVIL ACTION <br><br> **SUMMONS** |

From The State of New Jersey To The Defendant Named Above: **Township of West Milford**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with feel of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Jennifer M. Perez
Acting Clerk of the Superior Court

Dated:

Name of Defendant to Be Served: **Township of West Milford**
Address of Defendant to Be Served: **1480 Union Valley Road, West Milford, New Jersey**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
55 Madison Avenue, Suite 320A
Morristown, New Jersey 07960
Telephone: (973) 998-8500
Facsimile: (973) 998-8501

Received & Filed
Superior Court of New Jersey

JUN 1 7 2011

Passic County

| | |
|---|---|
| PAUL COSTELLO, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF WEST MILFORD, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: PASSAIC COUNTY <br> DOCKET NO: L- 8875 - 11 <br><br> CIVIL ACTION <br><br> **COMPLAINT, JURY DEMAND,** <br> **DESIGNATION OF** <br> **TRIAL COUNSEL AND** <br> **CERTIFICATION UNDER RULE 4:5-1** |

Plaintiff Paul Costello ("Plaintiff" or "Chief Costello"), a resident of Oak Ridge, New Jersey, complains of defendant Township of West Milford ("Defendant" or "Township") as follows:

## THE PARTIES

1.    Plaintiff is a resident of the State of New Jersey and the Township's former Chief of Police.

2.    Defendant is a municipality located in Passaic County, State of New Jersey. It operates under the Faulkner Act as a Mayor-Council-Administrator Plan form of government.

1217115

## FACTUAL BACKGROUND

3.   Chief Costello worked as a police officer in the Township's Police Department (the "Department") for 36 years from 1974 until his retirement in August 2010.

4.   In 2005, Plaintiff, then a lieutenant in the Department, was appointed to the position of Chief of Police through competitive Civil Service testing.

5.   By memo dated December 19, 2005, the Township Administrator directed the Township's Payroll Department that Chief Costello was carrying over "280 vacation hours from prior years under the [Policemen Benevolent Association] and [Superior Officers Association] contract and any remaining 2005 vacation hours. Due to the work demands of his position, Chief Costello was unable to take this time off." A true and correct copy of this memo is attached hereto as Exhibit A.

6.   In 2006, the Township confirmed to Chief Costello that he had earned and accrued 280 hours of vacation prior to being appointed the Chief of Police, that he had earned an additional 100 prorated hours in 2005 as a lieutenant, and that these 380 earned and accrued vacation hours would be held for his retirement in a separate bank while he continued to earn and accrue vacation hours as the Chief of Police.

7.   Prior to being appointed Chief of Police, Plaintiff had also earned and accrued sick leave.

8.   In addition, prior to being appointed Chief of Police, Plaintiff had earned and accrued compensatory time off in lieu of monetary payment for overtime ("compensatory time").

9.   In 2007, Chief Costello and the Township entered into an employment agreement ("Employment Agreement") that replaced a 2005 employment agreement and set forth the terms and conditions of his employment as the Township's Chief of Police. A true and correct copy of

the Employment Agreement is attached hereto as Exhibit B. The Agreement, dated May 11, 2007, was signed by Chief Costello on June 6, 2007.

10. Section 7 of the Employment Agreement, entitled "Leave Time and Holidays," addressed, among other things, vacation and sick leave.

11. Regarding vacation, Section 7 of the Agreement provides that Chief Costello "will continue to receive 25 vacation days annually. Payment of accrued vacation time upon retirement shall be as provided to other Department Heads at the time of separation."

12. Regarding sick leave, Section 7 of the Agreement provides that Chief Costello "will continue to receive 15 sick days per year, which may be accrued without limit. Your entitlement to payment of accrued sick time upon separation shall be the same as that provided to other Police Officers at the time of separation."

13. Section 3 of the Agreement, entitled "Salary increases," provides that "[i]ncreases to your base salary will be provided annually, when other Department Heads receive their yearly pay increases. All increases shall be based on merit determined by the results of annual performance evaluations."

14. During his tenure as Chief of Police, including the period following his execution of the Employment Agreement, Chief Costello continued to earn and accrue vacation hours and sick leave and received annual salary increases.

15. In addition, although Chief Costello was considered an exempt employee under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and therefore not entitled to overtime, pursuant to Township ordinance, Chief Costello continued to accrue 35 hours of compensatory time per year as Chief of Police.

16. Pursuant to Township practice, by memo dated October 9, 2009, Chief Costello advised the Township Administrator that he was eligible for retirement from the Department during calendar year 2010. A true and correct copy of this memo is attached hereto as Exhibit C.

17. Based on Chief Costello's October 9, 2009 memo, the Township prepared a report entitled "Township of West Milford Police Eligible to Retire Cost of Terminal Pay" that was submitted to the Township Council for its use in preparing the budget. Chief Costello was listed on this report which included, among other things, the monetary amounts for a payout for his earned and accrued vacation hours, his earned and accrued sick leave, his earned and accrued compensatory time, and the Township's total obligation. According to this report, the Township's total obligation to Chief Costello for these items would be $249,525.96.

18. In or about July 2010, bills were introduced in the New Jersey State Legislature that proposed to limit the payout of earned and accrued benefits to current employees of local governments throughout New Jersey. These bills, A2952 and S2173, were proposed to be effective immediately upon passage.

19. Concerned about how these proposed legislative changes would affect him, Chief Costello requested that the Township Administrator, Kevin Boyle, and the Township's labor counsel, Matthew Giacobbe, Esq. and Bruce Padula, Esq., provide him with a legal opinion regarding how these proposed bills would negatively impact his benefits upon retirement if passed into law.

20. Upon review and consultation with Messrs. Giacobbe and Padula, Chief Costello determined that the only way that he could protect his benefits absent negotiating a new employment agreement with the Township was to submit his retirement papers immediately.

21. Unable to obtain the Township's agreement to negotiate a new employment contract, on July 30, 2010, Chief Costello notified the Township Administrator of his decision to retire effective August 1, 2010. Chief Costello prepared a Notice of Retirement memo dated July 30, 2010 memorializing his decision. A true and correct copy of the Notice of Retirement memo is attached hereto as Exhibit D.

22. As set forth in the Notice of Retirement memo and in discussions with the Township Administrator and the Township's labor counsel, Chief Costello had 30 days to rescind his retirement or change his retirement date and wished to discuss continuing employment with the Township pursuant to a new employment agreement that would protect his benefits.

23. On July 31, 2010, Chief Costello received a text message on his cellular telephone from Mr. Giacobbe advising that he had learned that there was a possibility that the proposed legislation would pass in August. Based on this information, Chief Costello confirmed his decision to retire effective August 1, 2010 with the Division of Pensions.

24. Despite the fact that he submitted his papers for retirement effective August 1, 2010, Chief Costello reported for work to the Department on Monday, August 2, 2010 in a good faith effort to facilitate the transition within the Department and to attempt to secure a new employment contract. This was done with the knowledge and approval of the Township Administrator.

25. During the late morning of August 2, 2010, Chief Costello confirmed with the Division of Pensions that his retirement papers had been received and that his retirement was effective August 1, 2010. Chief Costello then advised the Township Administrator of same and

advised Acting Captain Michael Coscia that he would be the Officer in Charge of the Department until further notice.

26. During several August 2, 2010 conversations with the Township Administrator and a conversation with the Township Attorney, Frederick Semrau, Esq., Chief Costello advised that he was hoping to receive a new employment contract with the Township that would protect his benefits in the event the proposed legislation passed and, if that occurred, he would rescind his retirement.

27. Chief Costello reported to the Department on Tuesday, August 3, 2010 to assist in the transition brought about by his retirement.

28. By e-mail dated August 3, 2010, the Township Administrator advised the Township's Department/Division Heads, with a copy to Mr. Giacobbe, of Chief Costello's decision to retire. A true and correct copy of this e-mail is attached hereto as Exhibit E. In the e-mail, the Township Administrator stated that "[t]his decision was based upon consultation with my Office, Mayor Bieri, and our Labor Counsel."

29. That same day, the Township Attorney, Mr. Semrau, sent the Township Administrator an e-mail stating that Chief Costello was no longer a Township employee, that Chief Costello should turn in all Township property in his possession, and that the Township Administrator should take all necessary steps to separate Chief Costello from the Township.

30. Over the course of the next two days, Chief Costello removed all of his personal items from the Department and turned over all Township property to the Officer in Charge.

31. By e-mail dated August 18, 2010, the Township Administrator provided Chief Costello with the final numbers for the payout of his earned and accrued vacation hours, sick leave, and compensatory time as calculated by the Township. A true and correct copy of this e-

mail is attached hereto as Exhibit F. The Township Administrator provided Chief Costello with calculations that reflected that the Township owed Chief Costello $66,313.86 for the payout of his earned and accrued vacation hours, $119,100.00 for the payout of his earned and accrued sick leave, and $56,023.78 for his earned and accrued comp time, totaling $241,437.64. The Township Administrator stated that he was passing the numbers along to Mr. Giacobbe for his review and "we should be good to go."

32. On or about August 31, 2010, Messrs. Giacobbe and Padula advised Chief Costello that they had reviewed the payout numbers that the Township Administrator had forwarded to them and there appeared to be no problem with them.

33. Despite discussions with Mayor Bettina Bieri and Mr. Semrau regarding Chief Costello's continued employment with the Township either under a new employment agreement that protected his benefits upon retirement or in a civilian capacity, no agreement was reached and the period in which Chief Costello could rescind his retirement or change his retirement date passed.

34. By letter dated September 13, 2010, the Township Administrator advised Chief Costello that the Township was still in the process of verifying the "final dollar value" of Chief Costello's payout of earned and accrued benefits. A true and correct copy of this letter is attached hereto as Exhibit G. The letter continued that the Township would not be able to render a decision on the amount until early October.

35. By letter dated October 7, 2010, Mr. Semrau advised Chief Costello's counsel that the Township would only provide Plaintiff with vacation compensation of $25,541.84 and compensatory time compensation of $44,611.56, with total separation compensation of $70,153.40. A true and correct copy of this letter is attached hereto as Exhibit H.

36. According to the Township, Chief Costello had forfeited his earned and accrued sick leave compensation by failing to "retire or separate from the Township in good standing to qualify for such compensation," specifically by failing to provide 14 days notice of his intent to retire. As for the compensation for his earned and accrued vacation hours, the Township took the position that "the Civil Service Rules limit accrual of vacation time to the two prior years" and any hours accrued beyond that cap were forfeited. As for the compensation for compensatory time, the Township contended that the Fair Labor Standards Act provides for a compensatory time cap of 480 hours and any hours earned and accrued above that were forfeited.

37. Plaintiff and the Township continued to negotiate the amounts that were due to Chief Costello and, despite the Township's admission that it owed Chief Costello compensation for his earned and accrued benefits, it refused and failed to provide him with any compensation, thereby depriving Chief Costello from taking full advantage of the Township's deferred compensation plan.

38. Finally, on or about April 15, 2011, the Township issued a check to Chief Costello in the gross amount of $91,122.24.

39. Despite Chief Costello's repeated requests, the Township has refused to pay Chief Costello for the remaining earned and accrued vacation hours, sick leave, and compensatory time to which he is entitled. Chief Costello has earned and accrued a minimum of 852.5 vacation hours, a minimum of 3,216 hours of sick leave, and a minimum of 649.25 hours of compensatory time/overtime.

40. Nevertheless, the Township has paid other employees who retired in 2010 for earned and accrued vacation hours in excess of "the Civil Service Rules" limit of two prior years.

The Township also has continued to allow approximately 20 current employees to carry over and accrue vacation time in excess of "the Civil Service Rules" limit of two prior years.

41. In addition, there is no requirement in the Employment Agreement that Chief Costello provide 14 days notice of his separation of employment or retirement in order to be paid out for his earned and accrued sick leave.

42. The Township also failed and refused to provide Chief Costello with a merit salary increase for 2010 in accordance with the Employment Agreement.

## FIRST COUNT

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The Township's failure and refusal to provide Chief Costello with a full payout for all of his earned and accrued vacation hours and all of his earned and accrued sick leave constitutes a breach of the Agreement.

45. In addition, the Township's failure to provide Chief Costello with a suitable merit salary increase for 2010 constitutes a breach of the Agreement.

46. The Township's breaches of the Agreement have proximately caused Chief Costello to sustain damages.

WHEREFORE, Plaintiff Paul Costello demands judgment in his favor and against Defendant Township of West Milford awarding the following forms of relief:  1) an accounting all vacation hours and sick leave earned and accrued by Chief Costello during his employment with the Township; 2) compensation in the form of a retroactive merit salary increase for 2010 commensurate with past merit increases provided to Chief Costello; 3) compensation for all earned and accrued vacation hours to be paid out at Chief Costello's 2010 rate of salary after

adjustment for the 2010 merit salary increase; 4) compensation for all earned and accrued sick leave to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 5) interest; 6) attorneys' fees and costs; 7) punitive damages; and 8) such other and further relief as the Court deems appropriate.

## SECOND COUNT

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 as if fully set forth at length herein.

48. Each and every contract in the State of New Jersey contains an implied covenant of good faith and fair dealing.

49. The Township's failure and refusal to provide Chief Costello with a full payout for all of his earned and accrued vacation hours and all of his earned and accrued sick leave constitutes a breach of the implied covenant of good faith and fair dealing.

50. In addition, the Township's failure and refusal to provide Chief Costello with a suitable merit salary increase for 2010 constitutes a breach of the implied covenant of good faith and fair dealing.

51. These breaches of the implied covenant of good faith and fair dealing have proximately caused Chief Costello to sustain damages.

WHEREFORE, Plaintiff Paul Costello demands judgment in his favor and against Defendant Township of West Milford awarding the following forms of relief: 1) an accounting all vacation hours and sick leave earned and accrued by Chief Costello during his employment with the Township; 2) compensation in the form of a retroactive merit salary increase for 2010 commensurate with that past merit increases provided to Chief Costello; 3) compensation for all earned and accrued vacation hours to be paid out at Chief Costello's 2010 rate of salary after

adjustment for the 2010 merit salary increase; 4) compensation for all earned and accrued sick leave to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 5) interest; 6) attorneys' fees and costs; 7) punitive damages; and 8) such other and further relief as the Court deems appropriate.

### THIRD COUNT

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 as if fully set forth at length herein.

53. The Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), requires that covered employers compensate nonexempt employees at a rate of one and a half times the employee's regular rate for each hour worked over 40 hours in a workweek.

54. §207(o) of the Act provides that certain governmental employers may provide its nonexempt employees compensatory time off in lieu of overtime compensation up to a certain limit, and that any accrued and unused compensatory time shall be paid out upon the employee's retirement or separation from employment.

55. For public safety employees, the FLSA caps or limits the accrual of compensatory time to 480 hours.

56. Prior to becoming Chief of Police, Plaintiff earned and accrued overtime hours beyond the 480 hours compensatory time cap or limit.

57. Pursuant to Township ordinance, once Plaintiff became the Chief of Police he continued to earn and accrue 35 hours of compensatory time per year.

58. According to the FLSA, employees are to be compensated for any and all overtime hours worked and/or earned, including those beyond the compensatory time cap or limit.

59. The Township has failed to pay Chief Costello for all overtime hours earned, worked, and/or accrued, including those beyond the compensatory time cap or limit, and such failure constitutes a violation of the Act.

60. As a proximate result of the Township's violation of the FLSA, Chief Costello has suffered damages.

WHEREFORE, Plaintiff Paul Costello demands judgment in his favor and against Defendant Township of West Milford awarding the following forms of relief: 1) an accounting all compensatory time in lieu of overtime payment earned and accrued and all overtime hours worked and/or earned during Chief Costello's employment; 2) compensation for all earned and accrued compensatory time and overtime hours worked and earned to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 3) liquidated damages pursuant to the FLSA including, but not limited to, 29 U.S.C. §216(b); 4) interest; 5) attorneys' fees and costs; 6) punitive damages; and 7) such other and further relief as the Court deems appropriate.

## FOURTH COUNT

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 as if fully set forth at length herein.

62. The Township's refusal and failure to pay Chief Costello for overtime hours earned, worked, and/or accrued constitutes a violation of *N.J.S.A.* 34:11-56a et seq.

63. The Township's violation of *N.J.S.A.* 34:11-56a et seq. has proximately caused Chief Costello to suffer damages.

WHEREFORE, Plaintiff Paul Costello demands judgment in his favor and against Defendant Township of West Milford awarding the following forms of relief: 1) an accounting

all overtime hours worked and/or earned during Chief Costello's employment with the Township; 2) compensation for all overtime hours worked and earned to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 3) interest; 4) attorneys' fees and costs; 5) punitive damages; and 6) such other and further relief as the Court deems appropriate.

## FIFTH COUNT

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 63 as if fully set forth at length herein.

65. Through documents created by the Township and representations made by the Township Administrator and the Township's Labor Counsel, the Township clearly, definitely, and unequivocally promised Chief Costello that if he retired prior to the enactment of the proposed legislation then he would be entitled to a payout of all earned and accrued vacation hours, all earned and accrued sick leave, all earned and accrued compensatory time and overtime hours, and a salary increase for 2010.

66. These promises were made with the expectation that Chief Costello would rely upon them in making his decision whether or not to retire in light of the proposed legislation that could affect his retirement benefits.

67. Chief Costello did, in fact, rely upon these promises and his reliance was reasonable.

68. As a result of Plaintiff's reasonable reliance on the Township's promises, Chief Costello suffered detriment of a definite and substantial nature, namely he has not received the full amount of compensation to which he is entitled.

WHEREFORE, Plaintiff Paul Costello demands judgment in his favor and against Defendant Township of West Milford awarding the following forms of relief: 1) an accounting all vacation hours, sick leave, compensatory time, and overtime hours earned, worked, and accrued by Chief Costello during his employment with the Township; 2) compensation in the form of a retroactive merit salary increase for 2010 commensurate with past merit increases provided to Chief Costello; 3) compensation for all earned and accrued vacation hours to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 4) compensation for all earned and accrued sick leave to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 5) compensation for all overtime hours worked and earned to be paid out at Chief Costello's 2010 rate of salary after adjustment for the 2010 merit salary increase; 6) interest; 7) attorneys' fees and costs; 8) punitive damages; and 9) such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff Paul Costello demands a trial by jury as to all issues in this matter so triable.

## DESIGNATION OF TRIAL COUNSEL

Damian Christian Shammas, Esq. is hereby designated as trial counsel pursuant to Rule 4:25-4.

**LAW OFFICES OF DAMIAN CHRISTIAN SHAMMAS, LLC**
Attorneys for Plaintiff
Paul Costello

By   _____
             DAMIAN CHRISTIAN SHAMMAS
             An Attorney of the Firm

Dated:    June 16, 2011

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. I further certify that I am unaware of any non-party who should be joined in this action. I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

_____
Damian Christian Shammas

Dated:   June 16, 2011

THE CORRIGAN LAW FIRM
54B West Front Street
Keyport, New Jersey 07735
(732) 888-3868
Attorneys for Defendant

| | |
|---|---|
| PAUL COSTELLO,<br><br>          Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WEST MILFORD,<br><br>          Defendant. | SUPERIOR COURT OF<br>NEW JERSEY<br><br>PASSAIC COUNTY<br><br>CIVIL ACTION<br><br>**DOCKET NO.** PAS-L-2875-11<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this day I caused to be served by first class mail a copy of the Notice of Removal as well as Notice of Filing Notice of Removal, pursuant to 28 U.S.C. § 1446, upon:

      Damian Christian Shammas, Esq.
      Law Offices of Damian Christian Shammas, LLC
      55 Madison Avenue, Suite 320A
      Morristown, New Jersey 07960

      Clerk, Passaic County Superior Court
      Courthouse
      77 Hamilton Street
      Paterson, NJ 07505

                    THE CORRIGAN LAW FIRM

                    Minelva Clark

Dated:   July 19, 2011